IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James McDonald Shea Brown, Jr., | ) | C/A No. 4:19-cv-02813-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| SunTrust Bank, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) (the "Report").

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff James McDonald Shea Brown, Jr. ("Plaintiff") is a pro se litigant asserting claims against Defendant SunTrust Bank ("Defendant") related to Defendant's handling of Stella Jean Brown's (Plaintiff's aunt) Last Will and Testament ("Will"). The Report outlines the background factual allegations, so this court will not repeat them here. The court will note, however, that it appears undisputed that the Will was executed in Washington, D.C., Ms. Brown died in Tennessee, and the probate proceedings relevant to this matter all occurred in Knox County, Tennessee.

Plaintiff filed the above-captioned action on October 2, 2019. [ECF No. 1.] On November 1, 2019, Defendant filed a motion to dismiss for lack of jurisdiction, venue, and for failure to state a claim upon which relief can be granted. [ECF No. 14.] Plaintiff responded on December 5, 2019. [ECF No. 17.] On February 24, 2020, the Magistrate Judge issued the Report, recommending granting Defendant's motion to dismiss, in part, for lack of personal jurisdiction and transferring

the case to the United States District Court for the Northern District of Georgia. [ECF No. 23.] Attached to the Report was the Notice of Right to File Objections. *Id.*

On March 6, 2020, Defendant filed a limited objection, asking the court to transfer the case to the United States District Court for the Eastern District of Tennessee, Knoxville Division. [ECF No. 25.] On March 12, 2020, Plaintiff similarly filed a limited objection, asking the court to transfer the case to the United States District Court for the Western District of North Carolina, Charlotte Division. [ECF No. 27.] On April 10, 2020, Plaintiff filed a response to Defendant's objection. [ECF No. 30.][1] This matter is now ripe for this court's consideration.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the*

---

[1] The original deadline for Plaintiff's reply to Defendant's objections was March 20, 2020. By Standing Order, "all deadlines" in civil cases were "extended by 21 days from the current deadline set." *In re Court Operations in Response to COVID-19*, Standing Order, Misc. Number 3:20-mc-105 (D.S.C. Mar. 16, 2020). Accordingly, the reply deadline was extended to April 10, 2020, thereby rendering Plaintiff's reply timely filed.

*Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

The only question before this court is which venue is most appropriate for the transfer of this case. Plaintiff and Defendant have differing views, but neither requests this court to transfer the case to the Northern District of Georgia. The objections, applicable law, and analysis are outlined, in turn, below.

**I. Objections.**

As noted above, both Plaintiff and Defendant object to the Report on one limited basis: where this court should transfer the case. Defendant wants the case transferred to Tennessee and Plaintiff wants the case transferred to North Carolina.

**A. Defendant's Position: Tennessee.**

Defendant contends that the case should be transferred to the Eastern District of Tennessee, Knoxville because all of the "events giving rise to Plaintiff's allegations [] arose in Tennessee." [ECF No. 25 at p.2.] Further, Defendant argues that its "counsel in the underlying probate case and the present case reside in Tennessee, and the underlying probate case and the present case are governed by Tennessee law." *Id.* In a footnote, Defendant notes that given the merger between it

3

and Branch Banking and Trust Company, it is now Truist Bank, with its headquarters in Charlotte, North Carolina. *Id.* at n.1.

### B. Plaintiff's Position: North Carolina.

Plaintiff, relying on the SunTrust/BB&T merger and change of headquarters, contends that the case should be transferred to the Western District of North Carolina, Charlotte. [ECF No. 27.] He states that he "would much prefer the more centrally located U.S. District Court in Charlotte to the US District Court in Knoxville." *Id.* at p.8. Plaintiff claims to have sued a "senior Knox county chancellor for fraud" and filed "official complaints . . . against [his] former attorney[s.]" *Id.* Thus, Plaintiff believes he has "made a few enemies in the Knox County Probate Court" and feels he would be at a "serious disadvantage to have to present [his] case" there. *Id.* And, finally, Plaintiff states that "Charlotte is the ideal location,,[sic] not fair from Knoxville, and not too far from [his] home in Myrtle Beach." *Id.*

## II. Applicable Law.

"Generally, the test of whether an action should be transferred to another jurisdiction is one of balancing and convenience." *Avant v. Travelers Ins. Co.*, 668 F. Supp. 509, 510 (D.S.C. 1987). "When a case is filed in an improper venue, 28 U.S.C. § 1406(a) allows for transfer to the proper venue rather than dismissal so as to better serve the 'interest of justice.'" *Blevins v. Pension Plan for Roanoke Plant Hourly Employees of ITT Indus. Night Vision*, No. 6:10-cv-03261, 2011 WL 2670590, at *6 (D.S.C. July 8, 2011). The transfer, however, must be to "any district or division in which [such case] could have been brought." 28 U.S.C. § 1406(a).

In evaluating transfer, the court should consider four primary factors: "(1) the weight accorded to the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." *Yates v. Overholt*, No. 4:18-cv-00180, 2019 WL 653967,

at *2 (D.S.C. Jan. 9, 2019) (citing *Dicken v. United States*, 862 F. Supp. 91, 92 (D. Md. 1994)). Each of these factors is considered in turn.

### A. Plaintiff's Choice of Venue.

In this case, Plaintiff initially asserted a desire to proceed in this district. However, as outlined in the Report, this "forum has no discernible connection with the controversy." *Sw. Equip., Inc. v. Stoner & Co., Inc.*, No. 6:10-cv-1765, 2010 WL 4484012, at *2 (D.S.C. Nov. 1, 2010). When the Plaintiff's choice of venue lacks any connection to the controversy, his choice is assigned little weight. *See id.*; *see also Yates*, 2019 WL 653967, at *2.

In response to the Report, Plaintiff does not argue that the case should remain with this court, but instead asks this court to transfer the case to Charlotte, North Carolina.[2] Plaintiff contends that "Charlotte is the ideal location" because it is "not far from Knoxville, and not too far from my home in Myrtle Beach." [ECF No. 27.] However, the only connection between this case and North Carolina is the headquarters of Truist Bank. [ECF No. 25 at n.1.] As noted above, SunTrust, the named-defendant in this action, recently merged with BB&T, becoming Truist Bank. *Id.* Accordingly, there is no question that personal jurisdiction exists over Truist Bank in Charlotte, North Carolina and that Truist Bank could be sued for any dispute in Charlotte, North Carolina. *See Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). Thus, Charlotte, North Carolina is a proper venue for this dispute. The court, therefore, turns to the next factor.

---

[2] Neither Plaintiff nor Defendant want the case to transfer to Georgia. [*See* ECF No. 25 (asking court to transfer case to Tennessee given recent merger); ECF No. 30 at p.7 (asking court to transfer case to North Carolina given recent merger).]

**B. Witness Convenience and Access.**

Turning to the second factor, there appears to be some dispute over whether the relevant witnesses will reside in Tennessee, Washington, D.C., or Atlanta, Georgia. Defendant contends that all relevant witnesses reside in Tennessee, and Plaintiff contends that witnesses in Washington, D.C. and Atlanta, Georgia. There appears to be no dispute, however, that both parties and witnesses could easily access Charlotte, North Carolina.

More specifically, Defendant notes that "[t]he underlying court file and events giving rise to Plaintiff's allegations all arose in Tennessee." [ECF No. 25 at p.2]  Further, Defendant's "counsel in the underlying probate case . . . reside[s] in Tennessee." *Id.*  Plaintiff seems to at least partially agree. He concedes that "[a]s the estate stands now, [it is] still in Knox County Probate Court," ECF No. 27 at p.6, and states that he would call his "former attorney Ben Mullins" who resides in Knoxville, Tennessee, ECF No 30 at p.8.  Plaintiff further confirms that the "advising attorney to the estate administrator" is in Tennessee. [ECF No. 27 at p.6]  Conversely, in response to Defendant's objection, Plaintiff argues that "[t]he evidence to be consider in [his] suit against the bank includes the removal of an original Will . . . in the bank in Washington D.C., which was managed solely by a bank employee located in Washington D.C." [ECF No. 30 at p.8.]  Moreover, Plaintiff contends that "the false evidence supplied to the court" came from "Suntrust[sic] V.P. and attorney Dan Miller who was, and is located in Atlanta, Georgia." *Id.*

Based on the foregoing, it appears relevant witnesses may reside in all of the three venue options recognized in the Report. [*See* ECF No. 23 at pp.10–11 ("Transfer may also be appropriate in the United States District Courts for the District of Columbia and for the District of Eastern Tennessee[.]").]  Thus, this factor fails to provide any clear signal as to the appropriate transfer location.

### C. Convenience of the Parties.

The convenience of the parties provides some guidance to this court. In the Report, the Magistrate Judge found that while "venue could be appropriate in all three districts, the Defendant's principal place of business is in Georgia and requiring Defendant to defend itself in a place other than Georgia could be a burdensome imposition." [ECF No. 23 at p.11.] In response, Defendant notes that post-merger its principal place of business is no longer Georgia and, accordingly, it desires to have the case heard in Tennessee. [ECF No. 25.] Defendant also argues that its "counsel in the underlying probate case and present case reside in Tennessee[.]" *Id*. at p.2. The court notes at the outset that the convenience of counsel is not customarily given any weight in this analysis. *See Blevins*, 2011 WL 2670590, at *8.

Plaintiff does not directly address the convenience of Tennessee in his objection, but explains in detail his historical and ongoing involvement with Tennessee courts. [*See generally* ECF Nos. 27, 30.] Plaintiff concedes that he has "defend[ed] the estate in Tennessee courts . . . for several years." [ECF No. 30 at p.6.] His principal "convenience" objection is his belief that it will be "difficult, if not darn near impossible" for him to find and retain an attorney to represent him in Tennessee. *Id.* at p.7. He fails to explain, however, why he believes he would be able to find an attorney to represent him in North Carolina.

In any event, it is generally understood that "this factor is chiefly operative in cases where the plaintiff chooses a forum away from (either party's) home." *Blevins*, 2011 WL 2670590, at *8 (citation omitted). Because Plaintiff is asking this court to transfer the case to Defendant's new home, *i.e.*, Charlotte, North Carolina, the court finds that this factor weighs in favor of Charlotte, North Carolina as the appropriate transfer venue.

7

### D. Interest of Justice.

The final factor is the "interest of justice." This category is "designed broadly" to "encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Id.* (citing *Board of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1260 (E.D. Va. 1988)). "Such factors may include, for example, the pendency of a related action, the court's familiarity with the applicable law, docket conditions, . . . the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." *Baylor Heating*, 702 F. Supp. at 1260 (internal citations omitted). In this case, based on the objections submitted to this court, some of the relevant factors include the pendency of a related action, the possibility of an unfair trial, and the possibility of harassment.

As noted by Defendant, the underlying probate action is currently pending in Tennessee. The Plaintiff contends, however, that he cannot get a fair trial in Tennessee, and he has "some concerns for [his] personal safety and welfare in Knoxville, Tennessee." [ECF No. 30 at p.9.] This court is unable and unwilling to address the veracity of this contentions, but Defendant did not present this court with any alternative position in response to Plaintiff's objections. In light of Plaintiff's pro se status, the court is inclined to find this factor weighs in favor of transfer to North Carolina.

### III. Transfer Decision.

In accordance with the foregoing analysis, the court finds that Plaintiff's second choice of venue, Charlotte, North Carolina, is an appropriate location for the transfer. Defendant concedes that its new headquarters is located in North Carolina, meaning it is convenient for it, as well as for Plaintiff. Further, the court finds that to the extent any witnesses will need to travel to Charlotte, North Carolina for this case, those witnesses may have to travel from Atlanta, Georgia or Washington, D.C. and, as such, North Carolina seems to be no more or less convenient for those

witnesses than Knoxville, Tennessee would be. Further, the parties have not set forth any reasons as to why Charlotte, North Carolina would be inconvenient for any Knoxville, Tennessee witnesses, to the extent there are any. And, finally, given Plaintiff's pro se status, the court finds that the interest of justice tips in favor of transferring this case to North Carolina.

## CONCLUSION

Having reviewed the Report, the objections, and the record before this court, and for the reasons set forth above, the court adopts the Report to the extent it finds that this court lacks personal jurisdiction over Defendant, but modifies the Report to order transfer of this case to the United States District Court for the Western District of North Carolina, Charlotte Division. Therefore, it is the judgment of this court that Defendant's motion [ECF No. 14] is **GRANTED, in part,** and the case is transferred to the United States District Court for the Western District of North Carolina, Charlotte Division.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

April 21, 2020
Florence, South Carolina